WILLIAM A. BLACK, plaintiff in error, vs. ROBERT BURTON, defendant in error.

1. When a judgment was obtained on the 1st. of April, 1861, but no execution was issued thereon until January, 4, 1869 :

*Held*, That the judgment was not a satisfied but a dormant judgment, and it was error in the Court to dismiss a *scire facias* to revive the same, as a dormant judgment.

2. So far as the Act of 1856, generally known as Cone's Act, provides that a judgment upon which no execution has issued, within seven years from its date, or upon which execution, if issued, no return is made in seven years, shall, as between the parties thereto, be presumed satisfied, said Act is a statute of limitations and was suspended by the several Acts passed from 1861 to 1865, suspending the statutes of limitations.

WARNER, Chief Justice, dissented.

*Scire facias.* Dormant judgment. Statute of limitations. Before Judge CLARK. Schley Superior Court. April Term, 1872.

William A. Black set forth in his petition for *scire facias*, that at the April term, 1861, of the Superior Court of Schley county, he recovered a judgment against Robert Burton, defendant, for the principal sum of $1,000 00, and $359 71, interest and $8 50 cost; that there has been no return made on said *fi. fa.* by any officer of Court, since it was issued; that the judgment on which said *fi. fa.* issued, has become dormant in consequence thereof.

The execution which issued upon said judgment alleged to be dormant, was dated January, 4th, 1869. Judgment was entered on April 22d, 1861, the *scire facias* was returnable to the April term, 1870, of Schley Superior Court.

Defendant demurred to the petition, and *scire facias*. The demurrer was sustained by the Court, and plaintiff excepted and now assigns said ruling as error.

B. HILL; M. H. BLANDFORD, for plaintiff in error.

W. A. HAWKINS; C. F. CRISP, represented by R. F. LYON, for defendant.

Black vs. Burton.

McCay, Judge.

It does not distinctly appear on what ground the Judge sustained this demurrer. If the judgment is not dormant, a *scire facias* is not necessary, and if the judgment is satisfied, it cannot be revived. The judgment may, therefore, be sustained, if the judgment be not dormant, or if it be satisfied. I am satisfied with the opinion delivered by me in *Battle vs. Shivers*. I adhere to the idea I then insisted on. The dormant judgment law is not a statute of limitations, and was not suspended by the various Acts suspending the statutes of limitations during the late war. This judgment was, therefore, dormant, and if not satisfied, the *scire facias* was not demurrable. Was it a satisfied judgment? I think not. If the Act of 1856 is to be understood as providing that judgments left seven years without an entry are, as against the defendant, satisfied, and cannot be revived at all, (of which I am not very clear,) then I think it may very fairly be called a statute of limitations, and if so, it was, without doubt, suspended by the suspending Acts. I do not propose, at present, to discuss the question whether the Act of 1856 was intended to provide that, after seven years without any entry, a judgment ceased to exist, and could not be sued on or revived. The Act of 1822 used almost the same words, yet the Legislature of 1823 declared that the Act of 1822 was only a dormant judgment Act. As, however, if such is the effect of the Act of 1856, it is, in my judgment, a statute of limitations, and was suspended by the suspending Acts, it follows that this judgment was not, under the operation of the Act of 1856, satisfied. I conclude, therefore, first, that this judgment is not satisfied, and that it is dormant. It was, therefore, error for the Judge to sustain the demurrer.

It was contended, in the argument, that these positions are inconsistent with each other; that if the Act of 1856 was not suspended, the judgment is satisfied, and that if it was suspended, it is not dormant. And the language used by me in declaring that the suspension of the Act of 1856 revived the

Act of 1823, has been criticised. I do not see the force of the criticism. Perhaps the word "revive" may not be the exact word proper to be used. But it is very clear to my mind that, taking the Act of 1856 as an Act providing that, after seven years without an entry, an execution is not dormant only, but dead, satisfied; and, admitting that it was, therefore, suspended, as a statute of limitations, by the suspending Acts, that this suspension left the Act of 1823 still operating on judgments affected by it, the misapprehension grows out of supposing that the Act of 1856, if it provides for the satisfaction of the judgment, is a dormant judgment Act at all. If it was intended to provide for the satisfaction of judgments, the Act of 1823, providing that, under certain circumstances, a judgment should become dormant, was always of force, even after the passage of the Act of 1856.

True, as the Act of 1856 provided the judgment should become a dead judgment in seven years, the Act of 1823, whilst the Act of 1856 was of force, was inoperative, not because it was repealed, but because the evils it was intended to prevent could not arise. If a judgment was satisfied in seven years, without an entry, purchasers and creditors were protected by it, as well as the defendant, and they had no call for the protection of the Act of 1823. But when the Act of 1856 was suspended, all the evils which the Act of 1823 protected creditors and purchasers from, came again into existence, and the Act again operated. It was not the revival of *another* statute of limitations. Whilst the Act of 1856 operated, the dangers coming to purchasers and creditors from judgments, kept open *without notice* of their subsistence, did not exist, for if these entries were not made, the judgment died. But when the Act of 1856 was suspended, and the judgment stood as a good judgment without the entries, the question of whether it kept its lien without the proper entries, was a very important one to purchasers and other creditors, and there was nothing in the suspension of the Act, providing for the presumption of satisfaction *against the debtor*, which affected or ought to effect other creditors or purchasers. The Legislature might

Black *vs.* Burton.

well intend that the Act of 1856, providing that a judgment should be satisfied, even as against the defendant, should be suspended, and yet still require the plaintiff to take the proper steps to give notice to creditors and subsequent purchasers of the plaintiff's claims. In other words the suspension of the Act of 1856, left the Act of 1823 in full operation. It suspended all laws that were statutes of limitation, but it left in operation all laws which were intended to operate as notice to third persons, and even though any such law may, by reason of the operation of the statutes of limitation, have, during the existence of those Acts, been unnecessary for the protection of the rights of third persons.

The Act of 1823 was never repealed by the Act of 1856. The Act of 1856 simply operated so as to protect purchasers and creditors, just as well as did the Act of 1823. But it (the Act of 1856) operated between the plaintiff and defendant. When it (the Act of 1856) was suspended, the younger creditor and purchaser had still, as they always had, the Act of 1823 for their protection. Even, therefore, if the Act of 1856 was suspended, the Act of 1823 was still in operation.

Judgment reversed.

MONTGOMERY, Judge, concurred, from the bench, as follows. He furnished no other opinion:

Were the questions involved in this case *res integra*, I might have some difficulty in coming to the same conclusion with Judge McCAY; but this Court has, at least, twice settled the principle involved, after elaborate argument by the best legal talent of the State. On those decisions the title to a vast amount of property in Georgia now rests. To overrule them would create a flood of litigation, and make innocent purchasers pay stale demands against their vendors, of which they never heard. It is time that the law affecting titles to property in Georgia was settled, and that it should not be liable to change with every change in the organization of this Court.

For these reasons, I concur in the opinion of the Court, as delivered by Judge McCay.

WARNER, Chief Justice, dissenting.

The judgment was *not dormant,* under the laws of this State, and there was no necessity for its revival by *scire facias,* and for that reason, the judgment of the Court below should be affirmed.